case is 20 dash 2017 and 23 1795 Williams versus Attorney General. Please take your time getting settled and whenever whenever you are ready, we will proceed.  Silence. Silence. Good Morning Mr. very ready. Silence. Silence. May it please the court. My name is Alana hair and I'm with the American Friends Service Committee in Newark, New Jersey. I represent the petitioner Mr. Jason Williams pro bono in these two cases. I would like to reserve three minutes for rebuttal because Mr. Williams prior attorney erred in conceding his removability. Mr. Williams should not be bound by this erroneous concession and the court should find that error as well as other errors by his prior counsel constituted ineffective assistance of counsel and unreasonable professional judgment here. Mr. Williams prior counsel improperly conceded his removability and stated without any basis that it is black letter immigration law that Mr. Williams conviction makes him removable. So it seems like there are three layers of analysis here and I'll let you take in whatever order you want. I would I just would help helpful to know when you're talking about what the categorical approach actually says about this statute and then there's is there a layer of deference added by ineffective assistance of counsel deficient performance and then there's is there a further layer of deference added by abuse of discretion or egregious circumstances or whatever. So make clear when you're talking about each one, but please just Montgomery's. So I wanted to take a step back and make sure I understand your argument as I read your papers. I understood your argument to be question number one is Mr. Williams bound by the concession and the test for determining that I understood you to point us to Velasquez and that says are there egregious circumstances and there are three ways to reach egregious circumstances. What I thought I heard you say just now is your argument is that there's ineffective assistance of counsel with respect to the concession. Which is it? Are you saying there's an effective assistance of counsel? And so you meet the Strickland typical standards for ineffective assistance of counsel and that is why he's not bound by the concession or are you saying no, there's a different test that relates to the to this legal concession. So there's a there's two separate standards and I think that's what's obviously really important here because as you noted matter of Velasquez is the standard for withdrawing concessions at the stage in the proceeding where you're either still in front of the judge or you're on direct appeal. The the standard for ineffective assistance of counsel that we refer to in our second brief is under matter of Lazada. That is the standard for withdrawing. Sorry for reopening a case based on ineffective assistance of counsel. And I think the reason why there's overlap is because in under both of those standards this error of conceding removability comes up, but they do address different procedural stages. Do you need to meet both or either? We don't need to meet both. If your honor found that under the matter of Velasquez standard, he's not bound by the attorney's concession. That would be sufficient. If if your honor found that the statute of conviction doesn't make him remove. It'll be helpful to hear from your friend how she thinks we ought to sequence these questions. And you mentioned the motion to reopen with respect to the motion to reopen. We have the argument that there was a missing. There was a there was a basis another basis for for relief that wasn't explored based on ineffective assistance of counsel. So I understand that ineffective assistance of counsel argument. Are you saying with respect to the motion to reopen there is a different ineffective assistance of counsel argument? So that's definitely one of the arguments. I think that's also why the two standards are different with the matter of Velasquez. That's really just looking at the concession. Okay. So there are two different issues. There is are you bound by the concession? And your point is the test for are you bound by the concession is Velasquez motion to reopen. That is the ineffective assistance of counsel test. And that's related to whether or not there was the proper exploration of the other option. Is that what you're saying? Yes, but it includes in the motion to reopen. It includes also the argument that he erred by conceding removability. Okay. All right. Yeah. So as your honor noted, the test for matter of Velasquez is agreed to circumstances. And so I haven't adopted that test in our circuit. So you're also saying that we should adopt it. So your honor, the court has addressed matter of Velasquez in Calle Collado. And it does decide that in that particular case, the concession should stand. Except I thought in Calle Collado, we required the petition to follow the procedural requirements of Lozado. So that's not my understanding of Calle Collado. And I think to your point about the procedural requirements, because that's where I think the Board of Immigration Appeals creates a lot of confusion. There are no procedural requirements attached to raising the matter of Velasquez standard. Whereas for the motion to reopen based on ineffective assistance of counsel, there are procedural requirements. So the test under matter of Velasquez is in terms of proving egregious circumstances. Is the admission untrue or incorrect? Did the attorney exercise unreasonable professional judgment? And then finally, would the admission produce an unjust result? So because Mr. Williams is not removable as charged, it's clear that all three of these circumstances have been met in this case. It's clear that. That's often a lawyer fudge word. What I want to know is how clear is it? And what's the relationship between the merits and these procedural issues? Let's assume we still need to get into categorical. Let's assume your client has the better argument on categorical approach, but only by a whisker. It's something reasonable lawyers would disagree about. Should we treat that as enough? I mean, we have a bunch of legal standards in other contexts like plain error or unreasonable application of clearly established law where we say it's not enough. And I'm not sure under Strickland, it's enough to say just that you were legally had a slightly worse argument. I mean, maybe it needs to be clear enough that a reasonably competent lawyer would have seen that it was an error as opposed to he made this argument. And then between the time he made the argument and the IJ ruled, at that point, the ruling came out that suggested. I can't remember which or Hillux, which one suggested, OK, maybe you have more of a toehold here. So is it just enough that it's wrong or does it have to be clearly wrong? So I think there's there's two points. So one is, you know, the categorical approach is very clear that it under the Mathis test, there's a demand for certainty. So if there is uncertainty as to the application of the categorical approach, then it does weigh in favor of finding that the statute is indivisible. And then to your second question, you know, one of the circumstances under the matter of Alaska's test is that the admission is untrue or incorrect. But another standard is whether or not it was unreasonable professional judgment, as I mentioned. And part of that test is determining, was this a tactical decision? And so the the BIA finds that this was a tactical decision simply by citing to two cases where under similar circumstances, but not identical circumstances. Yes, that person had a conviction. The same statute was convicted under the same statute and was charged under the same ground of removability. But neither of those cases actually prove the point that that conviction makes your movable under this ground. So here, what's important and, you know, I think this is this is where we're starting to get more into the categorical approach is at the time that the attorney made this concession. There was no case law finding that really in either direction. And subsequent to this pleading, the Board of Immigration Appeals did rule on this issue favorably in finding that the conviction does not make someone removable. And then, you know, it reversed itself in matter of la guerre. However, you know, as I mentioned here, there was no tactical benefit. The attorney. So tactical benefit. That's the way we would approach it under Strickland. I wonder if your friend on the other side might say, well, we shouldn't just be looking at that. We should be looking at this as a matter of waiver or forfeiture. And I'm not sure there's a waiver here, but it does look like there was a forfeiture. And so to justify the forfeiture, do we just get ourselves back into Strickland speak about what was unreasonable? You know, I'm just trying to understand the relationship here. And are you saying that the board can't adopt forfeiture rules that would say, you know, if you don't raise it, then you're, or if you concede it, then you're bound by it? Yeah, I mean, I think the important thing is, well, one distinguishing factor is that the board really, the board case law on Velazquez, it really doesn't address it as a forfeiture waiver issue. You know, it really, how can you overcome this strong presumption? And I know that I'm running short on time, so maybe I should move to the removability arguments under the categorical approach. So here, the respondent has not contested that the range of substances punishable by 2C3510A1 is broader than the federal law. So the only question left for the court to decide on this issue is the question of the disability. And applying this court's own precedent in Pasekin and Hillox, as well as Supreme Court precedent in Mathis, Mulally, DeComp, demonstrate that Mr. Williams' statute of conviction is not divisible as to the identity of the substance. In Jordan recently, we said that Hillox was inconsistent with Henderson and that Henderson controlled. And Henderson would suggest that it is divisible. There was a Pennsylvania disjunctive and exhaustive list of stand-alone definitions. So it wasn't just means, they were elements. I agree with you that that's what Henderson comes out as finding. But I do think that in our particular case, what's more instructive is Pasekin, which came out after Henderson and Hillox. And while Pasekin addresses a Pennsylvania statute, the application of the categorical approach would be the same in this case. And in that case, the court found that the Pennsylvania statute was not divisible as to the particular substance. And looking at, so under the categorical approach, the first step is to look at the state case law and whether or not the state case law answers the question of whether something is a means or an element. And in New Jersey, we do have case law saying that the particular substance is an element. So that's... Doesn't the New Jersey case law really go both ways? Like, aren't there cases affirming convictions where it's listed as a separate element and cases affirming convictions where it's listed as the drug is listed as an or and there's no clear determination of which drug? But don't you have both in the New Jersey? I think that's true that there is a split in some of the New Jersey case law. And again, I think that that goes back to the question under the categorical approach of the demand for certainty. If the court finds that the state law is inconclusive, then moving on to you, that's when you would move on to step two of the Mathis test, which is looking at the structure. And so it's clear looking at and as your honor mentioned, you know, there's New Jersey case law where it shows that it's common practice to list multiple substances in a single count. Which would not be permitted under the rule of duplicity if the particular substance was an element. And so I think that's really important. And also, as the record of conviction documents show that were submitted in the amicus, it's common practice for that to happen for there to be convictions where it says heroin slash cocaine. And that further supports the reading that the specific substance is a means. And so if the court finds that the state case law is inconclusive, looking at the structure of the statute, I think also helps to show that the particular substance has to be a means and not an element. And the analysis that the court undertakes in Pasekin is looking at a very similarly phrased statute and finds that referencing a particular drug schedule is evidence of the substance being a means and not an element. And so just. If we should determine that the statute is not divisible, then what is your position as to what we should do? What on the question of the withdrawal of the concession, et cetera. So if the court finds that the statute is divisible, cocaine itself is still an overbroad term, and there is a mismatch between the New Jersey drug schedules and federal. I, I'm, I am. I'm saying we have found that it is not divisible. Oh, what do we do? In regard to the concession of the of the attorney that he's deportable, do we send is it your position to send this back to the BIA to what to what extent can we ourselves make a determination on on the status of Mr. Mr. Williams under the immigration laws, if the court found that the statute was indivisible, then that would demonstrate that the admission was untrue or incorrect. And that would be sufficient to overcome the egregious circumstances test. In that case, the court would not have to remand. I believe that the court could find that Mr. Williams is not removable and terminate proceedings because that one conviction and one ground of removability is the sole basis for his the case against him in terms of his removability. All right. Thank you. We'll get you back on rebuttal. Thank you. Miss Fitzgerald. Assembly. Good morning, Your Honors. May it please the court. Elizabeth Fitzgerald Sambo on behalf of Respondent Attorney General in this case. Just to go straight. First, we think the concession issue in this case is dispositive, and we actually don't think that this court needs to go through the full categorical analysis. Because here, the inquiry is just whether the board abused its discretion and finding that the presumption that the concession was a tactical decision is rebutted. So here in both board decisions that we have, the board noted that other noncitizens had conceded this charge. And then as my opposing counsel acknowledged, you know, this petitioner's former counsel belief that basically this statute would render him removable was actually correct, at least according to the board's interpretation of the statute. Is Velazquez the right test? What? I'm sorry? Is Velazquez the right test? Yes. So Velazquez is the correct test. And that's the sole test for the concession issue. So we agree with that. And I understand your friends on the other side to say Velazquez gives us three options. The first prong, which is what you're talking about, the second prejudice, the third being that it's untrue. That the concession is untrue. And as I understand their argument here, it is there is a legal concession. We're not talking about factual admissions, right? We all agree he was convicted of this particular thing. But there is a legal concession that is untrue. And I will just be transparent. I'm struggling trying to figure out, okay, in what other context would we hold a person to a legal concession that is untrue? I'll just throw out an example that pops into mind for me. A person is charged with possession of a controlled substance. Person comes into court, pleads guilty to possession of a controlled substance. The substance is Tylenol. They've been advised by their counsel that they should plead guilty to that. They plead to it and realize, wait a minute, shouldn't have done this. I'd like to, you know, please, I was ill-advised. Comes up on appeal. Do we hold that person to that pleading of pleading guilty to a controlled substance? Basically, what I'm trying to ask you to help me is to figure out when else would we hold a person to an incorrect legal concession? True. So I think first, I mean, it is a tactical decision. So there are some times even here where in the former attorney's affidavit submitted with the motion to reopen, he said that he didn't necessarily agree with the charge, but there still might be tactical reasons for conceding the charge. I mean, but he also said that it was clear that this was, you know, the correct legal answer. If we disagree with that, you know, then my question is about the third prong. My question is about the untrue prong. If it's a legal concession that is untrue, what do we do with that? Can you give me an example of another instance in which we would hold a person to an incorrect legal concession? Well, I'm not aware of any in this circuit, but I think it's well understood that under this Velazquez test, even if they could have contested the charge, that, you know, there's still this presumption that it's a tactical decision. You know, they might have had reasons why even though they could have contested the charge, they decided not to. And I think there are examples of the Hood Ho second circuit case that we cited as a good example, because there it was also like a criminal issue. And there are other cases that we cited from other circuits where it was like, well, the attorney like should have applied for this relief at least. And they made an error in abandoning that. So there are these issues that are essentially like legal errors by the attorneys. And still the circuit courts have held them to that presumption. Are those situations where there's like a strategic decision not to do X, Y and Z? I mean, another struggle with this is like, OK, if you've got three or four different bases for removal and concession, about one is wrong. That's one thing. But you have this one basis for removal and the concession is this thing happened. All right. That's fine. That's an admission. And the fact is true. But there is a there there is potentially like the two things, two admissions don't line up right. An admission that a person came into the country and it wasn't through border patrol and therefore the person is is removable. The concession is just gravy here. The concession isn't gravy. Potentially the concession is actually untrue. So what I hear you doing is taking me back to the first prong. But if there are three different separate prongs, why do I need to analyze the first prong in analyzing the third prong? Well, two things. First, we disagree that it's untrue. I understand. But also, we don't think that the board necessarily set forth all these different prongs. So basically, in the Velazquez decision, the board is basically describing in the context of the facts of that case that like, well, it was a motion to change venue. They never claimed that it was basically untrue, that they told this lawyer that they could plead to the notice to appear in the motion to change venue. So there it was like in the context of those facts. That's how the board was discussing it. Okay. And venue. I mean, that's a that's a collateral issue. It doesn't go to the heart of the case. But there is something this idea. We are judges. It's our job to pronounce what the law is. And it's a very strange thing to say. We'd never say a judge was bound to follow the law that the parties stipulated to. So why should we here? Why shouldn't we say the court court certainly free to follow the law as it finds it independently. But here it was hindered in doing that function by the party's mistake. So should it just boil down to the merits or should we add some level of deference? I believe it's that difference. So basically, both parties, what test abuse of discretion is the standard of review. So even my opposing counsel argued abuse of discretion as the standard. And we agree with that. And we think that's because Velazquez is a discretionary test. It's not set for basically the rules about concessions and how you undo a concession is not in the statute. It's actually in the regulations that the party must plead to the notice to appear. And then all we have when we apply abuse of discretion, we normally say that a court abuses its discretion if it proceeds based on an erroneous view of the law. Did the BIA proceed on an erroneous view of the law here? No, Your Honor. And here it's because, I mean, opposing counsel or former, I'm sorry, not opposing counsel, the former attorney who was representing who made the concession, he presumably did his own divisibility analysis. He said he researched the law. And here, I mean, divisibility is like a close call. So basically here, if this court undid that concession, you would basically be saying that, like, this former attorney, because he made an error in doing that divisibility, you know, his own divisibility analysis about whether this discretion was actually moved on. Does the BIA have any responsibility to determine whether the concession is an adequate representation of what the law is? Well, I mean, I believe that Valeska says that could be done. And here it's viewed through abuse of discretion. But here the board did cite that it's a matter of Laguerre decision, which did conclude that this statute is divisible. So we believe that supports the board's analysis here. The board essentially did say that, you know, well, this individual is actually removable anyway. But even the first board decision, it cited, you know, decisions from this court where individuals had conceded the same removal charge with basically the same statute of conviction. So basically, if this court now undoes the concession now, it basically says that the former attorney basically erred in relying on this court's unpublished decisions. And it was egregious circumstances that constituted abuse of discretion for the board to basically hold, you know, at that point in time when the concession was made, to hold this noncitizen to that concession. Should we be layering a Strickland type analysis of ineffective assistance on top of this? Or should this just be a straight abuse of discretion analysis? We believe it's straight abuse of discretion. OK, and if the OK, so Strickland is not in here, at least as a substantive matter. Maybe there's procedural Lozada requirements. But then it wasn't an abuse of discretion for the board to board to say, you know, normally we're this is binding. You might read it as we're bound by this when they they could say this was a mistake. But it was it was it was close. It wasn't. But they just don't seem to dig into it at all about how how clear or how close this issue is. I mean, I think this goes to just the context of what actually happens in removal proceedings. So in every case, as I know, the regulation requires immigration judge to take pleadings. And often in the detained setting, especially some individuals actually can see their charge and ask for a removal order. So basically concessions to criminal charges happen all the time. And I mean, the immigration judge doesn't necessarily have to go through like the full blown visibility analysis on every case when a concession is made. So basically this removed DHS's burden of proof in this case. And now, you know, many months and years later, we have a petitioner saying that at that back in time when the former attorney made that concession, they did their divisibility analysis wrong or there wasn't many months and years later. I mean, this gets raised. This doesn't like nobody thought of this five years later. This this actually came up in the BIA appeal process. Right. Correct. Excuse me. But either way, the same test applies. It's basically whether the board abuses discussion and concluding that no egregious circumstances were shown. How does the board not be how did how is it not an abuse of discretion to hold a person to a concession, a legal concession? That is, if we agree that it is legally incorrect, at least if it's on direct review, finality issues when it comes to coming back later. Well, I mean, because you would have to conclude that it was arbitrary and capricious, basically. I mean, I guess if this court disagrees with what we'd have to conclude that it's arbitrary and capricious because it's abuse of discretion standard. And so that's it's because we think that the concession piece is separate from the categorical approach and the divisibility analysis. So basically, the board didn't necessarily have to go through that full analysis. I think that's maybe where we're differing here, where we think this is just basically a presumption of the tactical decision and whether egregious circumstances were shown. In Velasquez, the board described, you know, the certain factors that may be considered in that case. So you're treating the presumption, the concession as conclusive. Yes. Let's say we don't want to treat the concession as conclusive. If it were rebuttable presumption or something like that, why wouldn't it be rebutted here? So that will require us to talk both about what the right answer is as an original matter and how close this is. Why don't you walk us through categorically why we should view this statute as both divisible and obviously divisible? Sure, Your Honor. So as an initial matter, because the board only analyzed, because basically there was the concession, then in the motion to reopen and the direct appeal, the petitioner is only arguing divisibility. And here the board does have its matter of the gear decision. So here the board said that, you know, it concluded that the statute is divisible. But we just want to point out that as the government argued in the Gale case that we cited, we believe that the statute actually is a categorical match to the CSA. And it's because of the unique way that New Jersey charges its controlled substance convictions. But in Gale, this court was not comfortable doing that where the board had not reviewed it in the first instance. So we think that even if this court disagrees with the divisibility arguments that we made, that basically it should remand, this court should remand because DHS never had the chance to even try to meet its burden here due to the concession. And DHS could definitely make that categorical match argument. So he would still be removable. So we think if this court disagrees with divisibility and finds that it needs to make that analysis in order to address this case, then the better option here is just to remand for DHS to try to meet its burden. And so that argument could be made. But as far as divisibility, we think that this court could resolve this petition just by concluding that the statute is actually divisible and that cocaine was the substance at issue here, which matches the CSA. And we have both basically like New Jersey case law and the plain meaning of the statute. All right, so let's talk about the New Jersey case law. The New Jersey Supreme Court cases just they never talked about double jeopardy, Evans, Mann, those cases. It's not really on point. The closest we have appellate division in Edwards, you know, talks about the mens rea as applying, you know, not to the particular substance. If the mens rea, it's efficient just to say you knew it was a controlled substance and you were a courier. You didn't open the package to know if it was cocaine or heroin or something else. Edwards seems like powerful evidence that the state courts view this as a single element, not, you know, not not as sorry, as you know, the element is does not have to be the individual drugs. These are. Scripted rather than an element, right? Piggyback off that. I mean, it says rather than an element to be. The nature of the drug, like the quantity is not an element of the offense. So, yeah, I mean, first, I mean, the NYSERDA has been comfortable with sort of this implicit conclusion from the highest court. So we think this court could go ahead and rely on New Jersey Supreme Court decisions for that basis. In both of those cases that we cited, the New Jersey Supreme Court listed each substance, you know, in its count. It describes separate charges for different controlled substance in the same act. So presumably, if this was a double jeopardy issue, the court would have at least footnoted that and noted that it wasn't addressing that point. But it basically presumed that. And this and those cases are actually more recent than the intermediate New Jersey cases. And one, the state, the Evans decision came out after. They said nothing. They assumed it. But we don't treat that kind of silence as a holding. And you're talking basically that's in like the procedural history section. Whereas here, when we look at the judgment here, like there's a mention of the drug, but the mention is kind of towards the end. It's not obvious that it's treating it as a, you know, distinct charge. Well, yes. And so we do acknowledge that the New Jersey intermediate cases are a little bit ambiguous. They kind of go back and forth. Many of them do discuss this in terms of the defendant's mens rea. And so that's why we think those cases are distinguishable on that basis. There also should, before Mathis, clarified what an element actually means in a crime. Because before that, the courts were a little bit, they used the term a little bit more loosely. And then importantly, after that Edwards decision, the New Jersey intermediate court in 1999 in the Gibson case, basically it was a similar context where the court remanded and said that a special verdict would have been needed because there were separate controlled substances. So basically the convictions merged, but only because there was no special verdict specifying which substance was at issue. And we also think that even setting aside New Jersey cases, that basically the plain meaning and the context arguments are strong here. Especially how the fact that subsection B within this section says that for subsection B, the identity of the controlled substance doesn't need to be proven. So basically there would have been no point of the legislature to include that in subsection B if subsection A likewise didn't require proof of the controlled substance. And this court has held that for similar provisions, like 35-5, that there, similarly where it says a controlled substance, that's divisible as a substance. And in part that's because the New Jersey legislature in the late 1980s said that they intended to create the controlled substance crimes to be based on the controlled substance at issue. So that's the legislative history that supports both this court's decisions as to 35-5 and also here. And also there are different subsections within the statute that have different penalties based on the identity of the controlled substance. So we acknowledge that the controlled substances themselves aren't specified in this subsection that's at issue here, A1. However, A3 and A4 identify the controlled substance and change the penalty on that basis. And that's exactly what Mathis instructed this court to look for. And I see that my time is up, but I would just also urge that the jury instructions here are very instructive because they explicitly also provide that the controlled substance's identity and that basically that A4 and, excuse me, A3 and A4 differ only in the quantity issue and not, which basically presumes again that A1 requires an element of the identity of the controlled substance. So unless there's anything further, we would urge the court to deny the petitions for review. And thank you so much, Paul. Thank you. Thank you. I'd like to make four brief points. So opposing counsel argues that the case law goes both ways and sometimes charging two substances together and sometimes separately. However, a case sustaining two convictions for possession of two separate substances does not necessarily mean that the substance is an element. There's no violation of double jeopardy if a person is convicted of the same offense twice if the factual means of violating the offense are different. And then I just wanted to briefly address also why Henderson is not instructive here. Henderson did not only rely on the structure of the statute, but it also relied heavily on their finding that the Pennsylvania State case law had found that the statute made someone removable and that's not the case here as we discussed. And then third, there was no tactical benefit here to conceding removability. And that's very important under Velazquez, where in Velazquez they found that there was a tactical benefit to conceding removability. It was less likely that the motion to change venue would be denied. Here, opposing counsel said the attorney did his own research, but it's clear that he didn't understand the implication of his own concession. When he conceded removability, the client was no longer eligible for termination. He made the client ineligible for cancellation of removal and then proceeded to file a cancellation of removal application. And that also made him subject to mandatory detention. He wasn't eligible for bond. The attorney concedes removability and then says that there might be a derivative citizenship claim, which even the immigration attorney admonishes him for doing that. And then finally, I just want to also reiterate that the jury instructions are not as instructive as opposing counsel argues. There's nothing in the jury instructions that says that you have to need one specific substance. And both the decisions in Pasek and in Hillox explain that there shouldn't be so much significance placed on model jury instructions. In Pasek, the court says they're not binding. And in Hillox, the court reiterates the argument that there's nothing in the jury instructions saying you have to limit it to one substance. We thank both counsel for their very helpful briefing and argument. We'll take them out.